UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO ANDRADE,

Petitioner,

v.

CYNTHIA ROJOS, Warden,

Respondent.

No.  2:26-cv-0937 DAD CSK P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.  As set forth below, it is recommended that this case be summarily dismissed.

I.  THE PETITION

As his sole claim for relief, petitioner challenges his 2018 conviction in San Joaquin County Superior Court, alleging that his 24 year prison sentence violates the California's Racial Justice Act ("CRJA"), California Penal Code § 745.  (ECF No. 2 at 1, 3, 5-8.)

II.  GOVERNING STANDARDS

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  R. Gov. § 2254 Cases 4.

1

III.  DISCUSSION

For the following reasons, this Court recommends that the petition be summarily dismissed because petitioner's sole claim for relief fails to state a cognizable habeas claim.  See R. Gov. § 2254 Cases 4 (if it plainly appears from the petition that the petitioner is not entitled to relief, the judge must dismiss the petition).  Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  It is well-established that alleged state law errors are not cognizable on federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  Thus, multiple federal district courts in California have held that CRJA claims are not cognizable on federal habeas review.  See Allen v. Guzman, 2025 WL 1122360, at *4 (C.D. Cal. Mar. 12, 2025), findings and recommendations adopted, 2025 WL 1268362 (C.D. Cal. Apr. 30, 2025) (state court rejection of CRJA claim not cognizable on federal habeas review); Stephens v. Matterson, 2024 WL 5301779, at *3 (C.D. Cal. Aug. 22, 2024), findings and recommendations adopted, 2025 WL 50265 (C.D. Cal. Jan. 7, 2025) ("To the extent petitioner intends to seek relief directly under the CRJA instead of attacking his post-conviction counsel's performance, petitioner still cannot state a cognizable habeas claim."); Muniz v. Phillips, 2024 WL 1343127, at *3 (C.D. Cal. Mar. 28, 2024) ("Claims brought under the CRJA are . . . not cognizable under federal habeas review."); Brooks v. McDowell, 2024 WL 536352, at *3 (N.D. Cal. Feb. 9, 2024) ("Claim No. 5 is DISMISSED with prejudice because it only states a claim of state law error—violation of the California Racial Justice Act."); Rose v. Warden, 2023 WL 9601243, at *9 (C.D. Cal. Dec. 26, 2023), findings and recommendations adopted, 2024 WL 520010 (C.D. Cal. Feb. 5, 2024) ("To the extent petitioner bases his sentencing claim on state court's rejection of his CRJA claim, he fails to present a cognizable federal claim."); Montgomery v. Matteson, 2022 WL 16556042, at *8 (C.D. Cal. Sept. 14, 2022), findings and recommendations adopted, 2022 WL 16556011 (C.D Cal. Oct. 31, 2022) ("[The CRJA claim] involves an alleged application of state law.  As such, it fails to present a cognizable federal claim.").  Accordingly, petitioner's sole claim seeking relief under the CRJA should be dismissed because it is based on state law only, which is not cognizable in federal habeas.

IV.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed for failing to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 7, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/andr0937.156

3