UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO ANTONIO ANDRADE, JR.,

Petitioner,

v.

CYNTHIA ROJAS, WARDEN,[1]

Respondent.

No. 2:26-cv-0937 DAD CSK P

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2018 conviction. Respondent's motion to dismiss and petitioner's request to stay are before the Court. As discussed below, respondent's motion should be granted, and petitioner's request to stay should be denied.

I. GOVERNING STANDARDS

Rule 4 of the Rules Governing § 2254 Cases requires the district court to dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases.

[1] Petitioner misspelled the warden's last name as "Rojos." (ECF No. 16 at 1 n.1.) The Court substitutes the correct last name of the warden, "Rojas." See Fed. R. Civ. P. 25(d); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

## II. PETITIONER'S CLAIMS

Petitioner raises four claims challenging the California Supreme Court's denial of his claims under the California Racial Justice Act (claims one, two, three and five). (ECF No. 1 at 6-7, 8.) In claim four, he alleges he was charged or sentenced more harshly because of race in violation of the equal protection clause. (ECF No. 1 at 7-8.)

## III. PROCEDURAL BACKGROUND

This action was filed on March 3, 2026. (ECF No. 1.) Respondent timely filed a motion to dismiss on July 1, 2026. (ECF No. 16.) On September 9, 2026, after being granted an extension of time, petitioner timely filed an opposition and a request to stay this action. (ECF No. 19.) On September 17, 2026, respondent timely filed a reply and an opposition to the request to stay. (ECF No. 20.) Briefing is now complete.

## IV. CLAIMS ALLEGING VIOLATION OF THE CALIFORNIA RACIAL JUSTICE ACT

In claims one, two, three and five, petitioner challenges the denial of his claims for relief under the California Racial Justice Act by the California Supreme Court. Respondent argues that these claims fail because they do not raise a cognizable federal question. (ECF No. 16 at 6.)

The California Racial Justice Act ("CRJA") became effective on January 1, 2021. See Rose v. Warden, 2023 WL 9601243, at *9 (C.D. Cal. Dec. 23. 2023). The CRJA prohibits the state from "seek[ing] or obtain[ing] a criminal conviction or seek[ing], obtain[ing], or impos[ing] a sentence on the basis of race, ethnicity, or national origin." Cal. Penal Code § 745(a). Initially, the CRJA applied only to convictions that were not yet final before its effective date, but it was amended on January 1, 2023, to provide that, beginning on January 1, 2024, petitioners may challenge sentences regardless of when their judgments became final. See Cal. Penal Code § 745(j)(3).

For the following reasons, this Court recommends that petitioner's CRJA claims be dismissed for failing to state a cognizable claim. See Rule 4 of Federal Rules Governing Section 2254 Cases (if it plainly appears from the petition that the petitioner is not entitled to relief, the judge must dismiss the petition). Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United

States. 28 U.S.C. § 2254(a). It is well-established that alleged state law errors are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Thus, multiple federal district courts in California have held that CRJA claims are not cognizable on federal habeas review. See Fuentes v. Lundy, 2025 WL 2534804, at *3 (C.D. Cal. July 18, 2025) ("Multiple district courts in the Central District of California have held that CRJA claims are not cognizable on federal habeas review." (collecting cases)), report and recommendation adopted, 2025 WL 2531502 (C.D. Cal. Aug. 29, 2025); Brooks v. McDowell, 2024 WL 536352, at *3 (N.D. Cal. Feb. 9, 2024) ("Claim No. 5 is DISMISSED with prejudice because it only states a claim of state law error--violation of the California Racial Justice Act."); see also Whitaker v. Horn, 2025 WL 1807056, at *4 (E.D. Cal. July 1, 2025) (recommending dismissal of CRJA claim because based on state law only) (findings and recommendations pending). Petitioner appears to concede that a claim based solely on a violation of California law is not cognizable under § 2254. (ECF No. 19 at 8:22-25.)

Accordingly, petitioner's claims seeking relief under the CRJA should be dismissed because they are solely based on state law, which are not cognizable in federal habeas.

## V. EQUAL PROTECTION CLAIM

In his fourth claim, petitioner alleges that he was charged or sentenced more harshly because of race in violation of the equal protection clause. (ECF No. 1 at 7-8.) Respondent argues that petitioner's equal protection claim is time-barred and petitioner failed to exhaust his state court remedies as to this sole federal claim. (ECF No. 16 at 4-6.) In opposition, petitioner argues he is entitled to a later commencement date of the limitations period for this claim and contends this claim should be stayed to permit him to return to state court and exhaust this claim.

### A. Statute of Limitations

#### *1. Legal Standards*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

///

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

*2. Chronology*

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. In the San Joaquin County Superior Court, petitioner pled no contest to voluntary manslaughter and admitted to enhancement allegations that he used personally used a firearm and inflicted great bodily injury. (ECF No. 15-1.) Petitioner was sentenced to a determinate state prison term of twenty-four years. (Id.)

2. On April 21, 2020, petitioner's conviction was affirmed by the state court of appeal. (ECF No. 15-2.)

3. Petitioner did not file a petition for review in the California Supreme Court.

4. Petitioner filed fourteen post-conviction collateral challenges to his 2018 conviction in the California courts; the first was filed on January 10, 2022 (ECF No. 15-3), and the fourteenth petition was filed in the California Supreme Court on April 20, 2026 (ECF No. 15-28).[2]

///

[2] The Court affords plaintiff application of the mailbox rule as to all his relevant filings. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

5. None of the petitions filed in the California Supreme Court included a Fourteenth Amendment equal protection claim. (ECF Nos. 15-15 (resentencing), 15-17 (Cal. Penal Code § 745), 15-19 (sentencing), 15-27 (enhancement), 15-28 (insufficient evidence).)

6. On February 25, 2026, petitioner constructively filed the instant federal petition (ECF No. 1 at 11). See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

*3. Calculation of Limitations Period under § 2244(d)(1)(A)*

In calculating the limitations period under § 2244(d)(1)(A), the following analysis applies. Petitioner appealed the conviction. (ECF No. 1 at 2.) The state appellate court affirmed the judgment on April 21, 2020. (ECF No. 15-2.) Petitioner did not file a petition for review in the California Supreme Court. Therefore, the judgment became final on May 31, 2020, when the forty-day deadline to file a petition for review expired. See Cal . R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The limitations period begins the next day. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Thus, absent a later commencement date for the limitations period, the one-year limitation period commenced on June 1, 2020, and absent tolling expired on June 1, 2021.

*4. Statutory Tolling*

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Here, petitioner filed no state post-conviction or other collateral review petitions before the one-year statute of limitations period expired on June 1, 2021. Rather, his first state post-conviction challenge was filed on January 10, 2022 (ECF No. 15-3). State habeas petitions filed after the one-year statute of limitations expired do not revive the statute of limitations and have

no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Thus, the fourteen state court post-conviction challenges petitioner filed after the limitations period expired provide no statutory tolling of the limitations period.

5. *Equitable Tolling*

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is only entitled to equitable tolling of the one-year statute of limitations if he shows: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks and citation omitted). An "extraordinary circumstance" has been defined as an external force that is beyond the prisoner's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted). In addition, petitioner must demonstrate that the "'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) ("petitioner entitled to equitable tolling since prison officials' misconduct proximately caused the late filing.")); Grant v. Swarthout, 862 F.3d 914, 924 (9th Cir. 2017).

"The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted).

> To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in his way suggests that an external force must cause the untimeliness, rather than, as we have said, merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal quotation marks and citation omitted; correction in original), cert. denied, 130 S. Ct. 244 (2009). Equitable tolling is "a very high bar, and is reserved for rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

The instant petition and petitioner's opposition to the motion to dismiss do not address equitable tolling. (See ECF Nos. 1, 19.) Petitioner alleges no extraordinary circumstances beyond petitioner's control that prevented him from bringing his equal protection claim. The Court finds no basis to support a claim for equitable tolling.

Therefore, because petitioner is not entitled to statutory or equitable tolling, the statute of limitations expired on June 1, 2021, unless the Court finds that petitioner is entitled to a later commencement date of the limitations period under 28 U.S.C. § 2244(d)(1)(D), which the Court analyzes next.

*6. Applicability of 28 U.S.C. § 2244(d)(1)(D)*

In his opposition, petitioner argues that he is entitled to a later commencement date of the limitations period under 28 U.S.C. § 2244(d)(1)(D). (ECF No. 19 at 1.) Petitioner contends that his fourth claim "rests on case-specific racial comparative facts developed years after the judgment through an affirmative records investigation." (Id.) In August 2024, petitioner sought race-specific charging and sentencing information from San Joaquin County, which was provided on August 19, 2024. (Id. at 2.) But petitioner had to conduct additional research to complete the records, finally retrieving records concerning Andrew Duty after August 19, 2024, but before February 10, 2025, although petitioner does not recall the exact date. (Id. at 3.) Petitioner admits that he did not first suspect racial disparity in August 2024 as is reflected in his early CRJA litigation in state court. (Id. at 4.) Rather, he contends he lacked particularized facts supporting a comparative-based federal theory. (Id.) Petitioner argues that even if the Court used August 19, 2024, the date the county provided the spreadsheet as the later commencement date, his claim is timely because the limitations period was tolled while his petition was pending in the California Supreme Court from February 10 to December 17, 2025. (Id. (citing ECF No. 15-17).)

Respondent counters that petitioner is required to set forth "the circumstances that he claims warrants a later trigger date with sufficient particularity," but has failed to provide a specific date on which he learned of the factual basis for his equal protection claim. (ECF No. 20 at 2.) Further, respondent argues that petitioner has not shown he was unaware of the factual predicate of his equal protection claim or demonstrated that he could not have earlier discovered the factual predicate. (Id. at 3.) Respondent points out that petitioner cites two cases decided in 1986 and 1987, long before petitioner was sentenced in 2018, and contends that in 2018 petitioner knew of his charges, conviction, and sentence -- the factual predicate for his equal protection claim--and since the federal statute of limitation did not expire until 2021, petitioner had time to develop his federal equal protection claim. (Id. (citing ECF No. 19 at 7).)

Under § 2244(d)(1)(D), if a petitioner brings newly discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "The statute of limitations begins to run under § 2244(d)(1)(D) when the factual predicate of a claim 'could have been discovered through the exercise of due diligence,' not when it actually was discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (emphasis added), cert. denied, 133 S. Ct. 769 (2012); see also Juniors v. Dexter, 2011 WL 1334422 at *2 n.3 (C.D. Cal. Jan. 14, 2011) ("[T]he statute starts running on the date when the petitioner knew or with the exercise of due diligence could have discovered the factual predicate of his claim, not from the date on which the petitioner obtains evidence to support his claim.") (citation omitted). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citation omitted). "The question is when petitioner had the essential facts underlying his claim, not when he obtained additional evidence supporting his claim." Coley v. Ducart, 2017 WL 714304, at *4 (E.D. Cal. Feb. 23, 2017) (emphasis added). In other words, the later accrual date under 2244(d)(1)(D) applies "only if vital facts could not have been known." Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012); Ford, 683 F.3d at 1235.

///

This Court finds that petitioner's late-discovered evidence theory does not entitle him to the delayed limitation period he seeks. Importantly, petitioner does not deny that he was aware of the racial disparity prior to August 2024. (ECF No. 19 at 4.) He does not provide the date he learned of the alleged racial disparity. (ECF No. 19, passim.) Petitioner does not explain why he did not earlier seek such evidence or demonstrate that he was unable to obtain the evidence before August 2024. The date petitioner received the spreadsheet from the county is not dispositive. See Ford, 683 F.3d at 1235. Further, statistical data about racial disparities in the county is at most supporting evidence for petitioner's equal protection claim. It does not provide the factual basis for petitioner's claim that his equal protection rights were violated. See Coley, 2017 WL 714304, at *4. Thus, petitioner has failed to demonstrate he is entitled to a later commencement of the limitations period under 28 U.S.C . § 2244(d)(1)(D). Because petitioner's federal equal protection claim was filed on February 25, 2026, over 4.7 years after the limitations period expired on June 1, 2021, his claim must be dismissed.

B. Exhaustion of State Court Remedies

*1. Exhaustion Standards*

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California, and finding Gatlin was required to exhaust his habeas claims in a petition for review to the California Supreme Court). Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts

. . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

*2. Unexhausted Claim*

Petitioner's equal protection claim under the Fourteenth Amendment was not raised in any of the petitions filed in the California Supreme Court. (ECF Nos. 15-15 (resentencing), 15-17 (Cal. Penal Code § 745 (CRJA)), 15-19 (sentencing), 15-27 (enhancement), 15-28 (insufficient evidence).) Petitioner does not dispute exhaustion as to four of his state court petitions but appears to suggest that his February 2025 petition federalized his equal protection claim. (ECF No. 19 at 6.) In the February 2025 petition filed in the California Supreme Court, petitioner claimed he was charged and sentenced more severely than similarly situated defendants of other races in San Joaquin County in violation of California Penal Code Section 745(a)(3)-(4). (ECF No. 15-17 at 9.) However, these allegations were insufficient to put the state court on notice that petitioner was also raising an equal protection claim under the Fourteenth Amendment of the United States Constitution. See Duncan, 513 U.S. at 365. Thus, in addition to being time-barred, petitioner's equal protection claim is also unexhausted. See Shinn v. Ramirez, 596 U.S. 366, 377 (2022) ("AEDPA requires state prisoners to exhaust the remedies available in the courts of the state before seeking federal habeas relief.") (internal quotation marks and citation omitted)).

*3. Request for Stay*

Under the circumstances discussed above, petitioner is not entitled to a stay because his sole federal claim, alleging violation of his equal protection rights, is untimely.[3] See Johnson v. Federal Court Judges, 2020 WL 2114931, at *6 (C.D. Cal. March 20, 2020) (petitioner not entitled to stay under either Rhines or Kelly if claims are time-barred); King v. Frauenheim, 2016 WL 687867, at *6 (N.D. Cal. Feb. 19, 2016) (neither a Rhines nor Kelly appropriate because staying the proceedings would not eliminate the untimeliness problem). As set forth above, the statute of limitations expired on June 1, 2021. Because petitioner's sole federal claim (claim four) is barred by the statute of limitations, petitioner's request for a stay should be denied.

VI. CONCLUSION

In summary, petitioner's claims based on the CRJA (claims one, two, three and five) fail to state cognizable habeas claims because they are solely based on state law, and his fourth claim is unexhausted and barred by the statute of limitations. Therefore, this action should be dismissed, and petitioner's request for stay should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be granted;
2. Petitioner's request to stay this action (ECF No. 19) be denied; and
3. Petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In the objections petitioner may address whether a

[3] Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/andr0937.sol.fte.crja